UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES WILLIAM SIEWERT,<br><br>          Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN,<br><br>Acting Commissioner of Social Security,<br><br>          Defendant. | No. 2:15-CV-0216-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 15, 16 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 15) and grants Defendant's motion (ECF No. 16).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1

## JURISDICTION

2    The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3    1383(c)(3).

4

## STANDARD OF REVIEW

5    A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7    limited; the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10   reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

11   (quotation and citation omitted).  Stated differently, substantial evidence equates to

12   "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13   citation omitted).  In determining whether the standard has been satisfied, a

14   reviewing court must consider the entire record as a whole rather than searching

15   for supporting evidence in isolation.  *Id.*

16   In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.  If the evidence in the record "is

18   susceptible to more than one rational interpretation, [the court] must uphold the

19   ALJ's findings if they are supported by inferences reasonably drawn from the

20   record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2  defined generally as the claimant's ability to perform physical and mental work

3  activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

4  404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the

5  analysis.

6         At step four, the Commissioner considers whether, in view of the claimant's

7  RFC, the claimant is capable of performing work that he or she has performed in

8  the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

9  If the claimant is capable of performing past relevant work, the Commissioner

10  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).

11  If the claimant is incapable of performing such work, the analysis proceeds to step

12  five.

13        At step five, the Commissioner considers whether, in view of the claimant's

14  RFC, the claimant is capable of performing other work in the national economy.

15  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

16  the Commissioner must also consider vocational factors such as the claimant's age,

17  education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v);

18  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

19  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

20  404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1    work, analysis concludes with a finding that the claimant is disabled and is

2    therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

3         The claimant bears the burden of proof at steps one through four above.

4    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

5    step five, the burden shifts to the Commissioner to establish that (1) the claimant is

6    capable of performing other work; and (2) such work "exists in significant

7    numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.920(c)(2);

8    *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

9                              **ALJ's FINDINGS**

10        Plaintiff applied for Title II disability insurance benefits and Title XVI

11   supplemental security income benefits on March 26, 2012, alleging onset

12   beginning April 1, 2010.  Tr. 13, 154-167.  The applications were denied initially,

13   Tr. 63-85, and upon reconsideration, Tr. 86-106.  Plaintiff appeared for a hearing

14   before an administrative law judge (ALJ) on December 17, 2013.  Tr. 33-62.  On

15   January 31, 2014, the ALJ denied Plaintiff's claim.  Tr. 10-26.

16        At step one, the ALJ found that Plaintiff has not engaged in substantial

17   gainful activity since April 1, 2010.  Tr. 15.  At step two, the ALJ found Plaintiff

18   suffers from the following severe impairments: depression, anxiety, borderline

19   personality disorder, and episodic cannabis abuse.  Tr. 15.  At step three, the ALJ

20   found that Plaintiff does not have an impairment or combination of impairments

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

that meets or medically equals a listed impairment.  Tr. 16.  The ALJ then

concluded that the Plaintiff has the RFC

> to perform a full range of work at all exertional levels, but with the
> following nonexertional limitations: the claimant is able to understand,
> remember, and carry out simple, routine, repetitive tasks up to three step
> commands.  The claimant can have occasional, brief, superficial interaction
> with the public, coworkers, and supervisors.

Tr. 18.

At step four, the ALJ found Plaintiff cannot perform any past relevant work.

Tr. 21.  At step five, the ALJ found that, considering Plaintiff's age, education,

work experience, and RFC, there are jobs in significant numbers in the national

economy that Plaintiff could perform, such as packing line worker, assembly

production, and cleaner/housekeeper.  Tr. 22.  On that basis, the ALJ concluded

that Plaintiff is not disabled as defined in the Social Security Act.  Tr. 22-23.

On June 23, 2015, the Appeals Council denied review, Tr. 1-6, making the

ALJ's decision the Commissioner's final decision for purposes of judicial review.

*See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying

him disability benefits and supplemental security income under, respectively, Title

II and Title XVI of the Social Security Act.  ECF No. 15.  Plaintiff raises the

following issues for this Court's review:

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

1.  Whether the ALJ properly discredited Plaintiff's symptom claims; and

2.  Whether the ALJ properly weighed the medical opinion evidence.

ECF No. 15 at 12.

## DISCUSSION

**A. Adverse Credibility Finding**

Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting his symptom claims.  ECF No. 15 at 12-17.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom []he has alleged; []he need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

citations and quotations omitted).  "General findings are insufficient; rather, the

ALJ must identify what testimony is not credible and what evidence undermines

the claimant's complaints."  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

must make a credibility determination with findings sufficiently specific to permit

the court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony.").  "The clear and convincing [evidence] standard is the most

demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

924 (9th Cir. 2002)).[1]

_____

[1] Defendant argues that this Court should apply a more deferential "substantial

evidence" standard of review to the ALJ's credibility findings.  ECF No. 16 at 3

n.2.  The Court declines to apply this lesser standard.  The Ninth Circuit reaffirmed

that "the ALJ can reject the claimant's testimony about the severity of her

symptoms only by offering specific, clear and convincing reasons for doing so;"

and further noted that "[t]he government's suggestion that we should apply a lesser

standard than 'clear and convincing' lacks any support in precedent and must be

rejected."  *Garrison*, 759 F.3d at 1015 n.18; *see also Burrell v. Colvin*, 775 F.3d

1133, 1137 (9th Cir. 2014).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

In a functional report Plaintiff completed for the Social Security Administration, Plaintiff stated that he experiences panic attacks before work and feels overwhelmed at work. Tr. 198. He reported emotional lability, with moods that range from happy and energetic to depressed and lazy. Tr. 198. In that same report, he stated that he quickly loses his temper when dealing with people. Tr. 198. At the hearing, he expounded on his symptoms. He testified that he feels like "everybody is watching him" when he leaves his home. Tr. 48. To avoid this feeling, he leaves his house only four to five days per month. Tr. 49.

This Court finds the ALJ provided specific, clear, and convincing reasons for finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "are not entirely credible." Tr. 18.

### 1. Objective Medical Evidence

The ALJ set out, in detail, the medical evidence regarding Plaintiff's impairments, and ultimately concluded that the medical evidence did not support

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

the degree of limitations the Plaintiff alleged relating to his mental health

symptoms.  Tr. 18-19.  A claimant's testimony may not be rejected solely because

it is unsupported by objective medical evidence.  *Burch v. Barnhart*, 400 F.3d 676,

680 (9th Cir. 2005).  But minimal objective evidence is a factor which may be

relied upon in discrediting a claimant's testimony.  *Id.*

The ALJ found Plaintiff's mental status exam (MSE) did not support the

degree of impairment he alleged.  Tr. 19.  The MSE revealed Plaintiff could recall

three out of three words after a delay and five digits forward and four backward on

digit-span testing.  Tr. 260.  During the MSE, Plaintiff was able to spell the word

"world" forward and backward, calculate serial 3's from 20 easily, and calculate

serial 7s – though he experienced some difficulty with the latter.  Tr. 260, 267.

The ALJ also noted that Plaintiff's trail-making test results were in the normal

range.  Tr. 19 (citing Tr. 260).

In addition to the MSE, the ALJ looked to the observations of psychologist

Frank Rosekrans, Ph.D.  Tr. 18.  Dr. Rosekrans observed that Plaintiff found the

office and arrived on the correct date and time.  Tr. 267.  Plaintiff appropriately

answered the intake form, evidencing his ability to "read and write, understand,

remember, and answer short and simple instructions."  Tr. 267.  Dr. Rosekrans

found Plaintiff "was able to relate appropriately to me, to make eye contact and

carry on a conversation."  Tr. 267.  During the visit, Plaintiff was cooperative,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

appropriate, and pleasant.  Tr. 259, 268.  Dr. Rosekrans observed no evidence of

tangential thinking.  Tr. 259.  This lack of objective evidence supporting Plaintiff's

symptom claims was one factor the ALJ relied on in diminishing Plaintiff's

credibility.

Plaintiff contests the ALJ's characterization of Dr. Rosekrans' notes.  While

Dr. Rosekrans noted that Plaintiff "was able to come to the office on the correct

date and time," Dr. Rosekrans also mentioned that Plaintiff's roommate brought

him to, and waited for him to complete the evaluation.  ECF No. 15 at 13 (citing

Tr. 268).  The ALJ's finding, according to Plaintiff, lacks support in the record.

But, at a different evaluation, Dr. Rosekrans noted that Plaintiff "came to this

appointment by himself."  Tr. 260.  In other words, the record supports the ALJ's

finding.  More importantly, Plaintiff does not contest the ALJ's characterization of

the MSE or Dr. Rosekrans' other observations.  As discussed above, the lack of

objective medical evidence undermines Plaintiff's symptom claims.  *Young v.

Heckler*, 803 F.2d 963, 967 (9th Cir. 1986) (upholding ALJ's decision when there

was no medical evidence to suggest that claimant's diagnosed depression entirely

disabled him from performing past relevant work).

Plaintiff also challenges the ALJ's finding because, he contends, the

objective evidence is not inconsistent with his testimony.  ECF No. 15 at 13 (citing

*Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001)).  The ALJ found

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1   inconsistencies but, here, did not rely on inconsistencies between Plaintiff's

2   testimony and the objective medical evidence to discredit him.  Here, the ALJ

3   found the objective evidence did not support the severity of limitations Plaintiff

4   alleged.  Minimal objective evidence is a factor an ALJ may rely on in discrediting

5   a claimant's testimony – though it cannot be the only one.  *Burch*, 400 F.3d at 680.

6   Because the ALJ relied on other reasons to discredit Plaintiff's testimony, the

7   Court finds the ALJ did not err.

8          2.      *Failure to Seek Treatment*

9          The ALJ found the degree of limitation Plaintiff alleged to be inconsistent

10  with the minimal treatment he sought.  Tr. 19.  The medical treatment a Plaintiff

11  seeks to relieve his symptoms is a relevant factor in evaluating the intensity and

12  persistence of symptoms.  20 C.F.R. §§ 416.929(c)(3)(iv), (v).  "[I]n assessing a

13  claimant's credibility, the ALJ may properly rely on 'unexplained or inadequately

14  explained failure to seek treatment or to follow a prescribed course of treatment.' "

15  *Molina*, 674 F.3d at 1113 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th

16  Cir. 2008)).

17         The ALJ noted that despite the severe symptoms Plaintiff alleged began in

18  April 2010, Plaintiff did not undergo intake for counseling until July 23, 2013.  Tr.

19  19 (citing Tr. 364).  The majority of the medical record, the ALJ observed, relates

20  to medication refills.  Tr. 19 (citing, *e.g.*, Tr. 299-319, 354-367).  Plaintiff did not

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

complain of, or seek treatment for psychological symptoms at any visit between

May 29, 2012 and February 4, 2013.  Tr. 19 (citing Tr. 299-367).  From February

2013 to June 25, 2013, Plaintiff sought no treatment, not even to refill his

medications.  Tr. 19 (citing Tr. 358-360).  The ALJ found Plaintiff's credibility

diminished by the minimal treatment he sought.  Tr. 19.

Plaintiff challenges the ALJ's finding because, he contends, he failed to seek

treatment because of his mental illness.  ECF No. 15 at 14.  In the Ninth Circuit, it

is generally inappropriate to consider a claimant's lack of mental health treatment

as evidence of a lack of credibility where the evidence suggests lack of mental

health treatment is part of a claimant's mental health condition.  *See Nguyen v.*

*Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).  But, when there is no evidence

suggesting a failure to seek treatment is attributable to a mental impairment rather

than personal preference, it is reasonable for the ALJ to conclude that the level or

frequency of treatment is inconsistent with the level of complaints.  *Molina*, 674

F.3d at 1113-1114.  Plaintiff contends his "well-documented fearfulness of leaving

the house," prevented him from seeking treatment.  ECF No. 15 at 14.  His

contention would be persuasive if he had not left his house to see the same

treatment providers for other ailments during the period in question.  Plaintiff

sought treatment for gastroesophageal reflux disease and sinusitis from June to

November 2012, but did not seek medical refills or mental health treatment during

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

that time.  Tr. 319-355.  The ALJ properly relied on Plaintiff's inadequately

explained failure to seek treatment, which constitutes a clear and convincing

reason for discrediting him.  *Molina*, 674 F.3d at 1113.

### 3. Poor Work Record

The ALJ found that Plaintiff's poor work record also diminished his

credibility.  Tr. 19.  Evidence of a Plaintiff's poor work history, suggesting that a

claimant is not motivated to work, is a permissible reason to discredit a claimant's

testimony that he is unable to work.  *Thomas*, 278 F.3d at 959.  The record

indicates Plaintiff never earned at substantial gainful activity levels.  Tr. 19 (citing

Tr. 174).  Prior to his alleged onset date, the ALJ found, Plaintiff had only worked

"sporadically."  Tr. 19.  Dr. Rosekrans noted that Plaintiff was "sort of drifting,

with apparently little motivation . . . and he is getting accustomed to not working."

Tr. 19 (citing Tr. 258).  Plaintiff's poor earning record along with Dr. Rosekrans'

observations led the ALJ to question whether Plaintiff's unemployment is actually

due to medical impairments.  Tr. 19.

Plaintiff challenges the ALJ's bases for finding he was not motivated to

work.  Plaintiff contends the ALJ failed to consider the unrebutted evidence of

difficulties he had while attempting to work.  ECF No. 15 at 14 (citing Tr. 45-48,

266, 288, 289, 291).  According to Plaintiff, Dr. Rosekrans' notations to the

contrary refer to the effect his currents symptoms had on his ability to work – not

that he was unmotivated to work.  ECF No. 15 at 14.  In support, Plaintiff cites to

his own testimony and to the opinion of Dr. Rosekrans, both of which the ALJ

rejected.  More importantly, Plaintiff's alternative interpretation of the evidence is

insufficient to invalidate the ALJ's credibility finding.  *Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001).  Where the ALJ's finding is supported by substantial

evidence, the Court cannot second-guess the ALJ.  *Thomas*, 278 F.3d at 959.  Here,

the record shows Plaintiff has never earned at substantial gainful activity levels.

Tr. 19.  Plaintiff's poor work history is a specific, clear, and convincing reason to

discredit him.  *Tommasetti*, 533 F.3d at 1040.

###### 4.    *Inconsistent Daily Activities*

The ALJ found that Plaintiff engaged in daily activities inconsistent with a

finding of disability.  Tr. 19.  A claimant's reported daily activities can form the

basis for an adverse credibility determination if they consist of activities that

contradict the claimant's "other testimony" or if those activities are transferable to

a work setting.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *see also Fair v.

Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (daily activities may be grounds for an

adverse credibility finding "if a claimant is able to spend a substantial part of his

day engaged in pursuits involving the performance of physical functions that are

transferable to a work setting.").  "While a claimant need not vegetate in a dark

room in order to be eligible for benefits, the ALJ may discredit a claimant's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

testimony when the claimant reports participation in everyday activities indicating

capacities that are transferable to a work setting" or when activities "contradict

claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal

quotation marks and citations omitted).

Plaintiff reported caring for his own personal hygiene, doing his own

laundry, purchasing groceries, managing his money, and attending his

appointments. Tr. 19 (citing Tr. 258, 281, 366). When asked to describe a typical

day, Plaintiff said he played on his computer, watched movies, and visited his

girlfriend and her family. Tr. 19 (citing Tr. 280). While Plaintiff alleged problems

concentrating, he also reported spending "a lot" of time on the computer. Tr. 19

(citing Tr. 266). The ALJ determined that Plaintiff's daily activities indicated he

was not completely disabled. Tr. 19.

Plaintiff contends the ALJ applied the wrong standard. ECF No. 15 at 15.

According to Plaintiff, daily activities can only form the basis for an adverse

credibility finding where the activities contradict his other testimony or meet the

threshold for transferable work skills. *Id.* (citing *Orn*, 495 F.3d at 639). Plaintiff

contends the ALJ's reasoning fails to meet either standard.

The Commissioner contends that since *Orn*, the Ninth Circuit has described

the standard differently. *See*, *e.g.*, *Molina*, 674 F.3d at 1112-13 ("Even where

those activities suggest some difficulty functioning, they may be grounds for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").  The Commissioner, therefore, argues an ALJ need not show daily activities contradict specific statements.  ECF No. 16 at 10.  The Commissioner contends, an "ALJ can still find [daily activities] demonstrate an inconsistency between what a claimant is able to do and the degree of limitation he alleged."  *Id.*  This Court need not, and does not decide whether *Molina* refined the standard described in *Orn.*

Plaintiff's daily activities contradict his testimony.  Plaintiff reported a long lasting relationship with his girlfriend, spending time with her and her family, shopping for groceries, and attending medical appointments alone.  Tr. 201, 258, 280-281.  These activities contradict Plaintiff's testimony that he loses his temper when dealing with people and rarely leaves his house because of his anxiety and depression.  Tr. 48-49, 198.

Even assuming the ALJ erred, any error was harmless because the ALJ provided other clear and convincing reasons for discrediting Plaintiff.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

   5.   *No Physician Found Plaintiff Disabled*

The ALJ discredited Plaintiff's symptom claims because no treating physician indicated he was disabled.  Tr. 19.  In discrediting a plaintiff's symptom claims, an ALJ may rely on the fact that no treating or examining physician opined

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

that Plaintiff was disabled.  *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *see also Green v. Heckler*, 803 F.2d 528, 531 (9th Cir. 1986).  After reviewing the record, the ALJ found no treating physician opined that Plaintiff was disabled.  Tr. 19.

Plaintiff challenges the ALJ's finding, contending Dr. Rosekrans opined Plaintiff suffered limitations, which the vocational expert found would preclude competitive employment.  ECF No. 15 at 15 (citing Tr. 57-60, 257-298).  But, as the vocational expert testified, Dr. Rosekrans' assessed limitations do not correlate to Dictionary of Occupational Titles (DOT) terms.[2]  Tr. 59; *see also Matthews*, 10 F.3d at 680 ("The mere existence of an impairment is insufficient proof of a

_____

[2] Plaintiff contends Dr. Rosekrans found him disabled.  ECF No. 15 at 15.  But Dr. Rosekrans assessed limitations, he did not opine that Plaintiff was disabled.  Tr. 267, 281, 289.  Dr. Rosekrans opined that Plaintiff would experience marked difficulty maintaining appropriate behavior at work.  Tr. 267, 281, 289.  Plaintiff's counsel construed this assessed limitation to mean, and posed such a question to the VE, that Plaintiff would be physically violent at work.  Tr. 57-60.  Based on such characterization, the VE testified Plaintiff could not sustain employment if he were violent at work.  Tr. 60.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

1    disability" because the "claimant bears the burden of proving that an impairment is

2    disabling").  Whether the limitations Dr. Rosekrans assessed would qualify as

3    disabling depend on how Dr. Rosekrans' opinion was translated into an RFC – an

4    issue discussed in greater detail below.  Tr. 60, 267, 281.  But Dr. Rosekrans never

5    opined that Plaintiff was disabled.  Therefore, the record supports the ALJ's

6    finding.

7            Next, Plaintiff contends the "ALJ fails to show how this alleged ground

8    reflects on [his] credibility."  ECF No. 15 at 15 (citing *Fair*, 885 F.2d at 604 n.5).

9    The footnote in *Fair* indicates an ALJ may use ordinary techniques of credibility to

10   evaluate a Plaintiff's symptom claims.  *Id.*  Plaintiff fails to explain how *Fair*

11   undermines the ALJ's finding.  As explained above, the fact that no treating or

12   examining physician opined that Plaintiff was disabled, indicates Plaintiff's alleged

13   symptoms are not as limiting as he alleges and constitutes a clear and convincing

14   reason for discrediting Plaintiff.  *See Matthews*, 10 F.3d at 680; *see also Green*,

15   803 F.2d at 531.

16           6.    *ALJ's Observations*

17           The ALJ found Plaintiff's presentation at the hearing inconsistent with his

18   reports of significantly limiting mental health symptoms.  Tr. 19.  The Ninth

19   Circuit "has disapproved of so-called 'sit and squirm' jurisprudence."  *Verduzco v.*

20   *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (citing *Perminter v. Heckler*, 765 F.2d

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

870, 872 (9th Cir. 1985)).  But the "inclusion of the ALJ's personal observations does not render the decision improper." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citations omitted).  "Where . . . the ALJ has made specific findings justifying a decision to disbelieve an allegation . . . and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." *Id.* (citing *Fair,* 885 F.2d at 603).  Here, the ALJ noted that although Plaintiff testified that his anxiety made him "absolutely terrified to leave the house," Plaintiff was articulate, not fidgety, and demonstrated no evidence of anxiety or panic while he waited for the hearing in the lobby.  Tr. 20.  This constitutes a clear and convincing reason for discrediting Plaintiff. *Morgan*, 169 F.3d at 600.

Plaintiff faults the ALJ for discrediting him with the "sit and squirm test." ECF No. 15 at 15 (citing *Perminter*, 765. F2.d at 872).  The *Perminter* Court held that a "[d]enial of benefits cannot be based on the ALJ's observations of [the claimant], when [the claimant's] statements to the contrary . . . are supported by objective evidence." *Id.*  But, as explained above, the objective medical evidence does not support Plaintiff's symptom claims.  Accordingly, the ALJ did not err.

7.    *Other Inconsistencies*

In addition to the inconsistencies described above, the ALJ relied on other inconsistencies in the record in discrediting Plaintiff's symptom claims.  Tr. 20.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21

An ALJ may employ "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying . . . and other testimony by the claimant that appears less than candid" when assessing the Plaintiff's credibility. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012); *see also Thomas*, 278 F.3d at 959 ("[T]he ALJ found that [the claimant] had not been a reliable historian, presenting conflicting information about her drug and alcohol usage . . . . [T]his lack of candor carries over to her description of physical pain." (internal quotation marks omitted)).

The ALJ found Plaintiff made inconsistent statements about his relationship with his parents and ability to manage his finances. Tr. 20. At an intake assessment for counseling, Plaintiff said "he ha[d] a good relationship with his siblings and his parents, although he has 'butted heads' with his father and grandfather." Tr. 364. The ALJ found those statements inconsistent with statements Plaintiff made to Dr. Rosekrans. Tr. 20. When speaking with Dr. Rosekrans, Plaintiff "reported that he [could] only stay at his parent's house for short periods. He said his parents don't trust him," because he "lies a lot." Tr. 258. In addition to his inconsistent statements about his relationship with family, the ALJ found Plaintiff made inconsistent statements about his ability to manage his finances. Tr. 20. During the same September 2010 meeting with Dr. Rosekrans, Plaintiff reported "no problems purchasing groceries and managing

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

money," but later disclosed that "he cannot have a credit card because he spends money on things he does not need." *Compare* Tr. 281 *with* Tr. 283. The ALJ found these inconsistent statements diminished Plaintiff's credibility. Tr. 20.

Plaintiff contests the ALJ's characterization of these statements as inconsistent. ECF No. 15 at 16. Plaintiff suggests his statements about his relationship with his parents reflects their evolving relationship and his statements about his ability to manage his finances is evidence of his ability to manage finances in light of his limitations. *Id.* Plaintiff's alternative interpretation of the evidence is insufficient to invalidate the ALJ's credibility finding. *Rollins*, 261 F.3d at 857. Where the ALJ's finding is supported by substantial evidence, the Court cannot second-guess the ALJ. *Thomas*, 278 F.3d at 959. Moreover, even if Plaintiff's statements are not inconsistent, the ALJ's error is harmless because the ALJ relied on other valid reasons for discrediting Plaintiff. *Carmickle*, 533 F.3d at 1162 ("So long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion such is deemed harmless and does not warrant reversal.) (internal quotations omitted).

In sum, the Court finds the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's testimony.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 23

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in assessing the opinion of medical expert Donna Veraldi, Ph.D., and examining physician Frank Rosekrans, Ph.D.  ECF No. 15 at 17-19.  Specifically, Plaintiff challenges the significant weight the ALJ afforded Dr. Veraldi's opinions and the minimal weight the ALJ accorded Dr. Rosenkrans' opinions.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 24

"However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion.  *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Dr. Veraldi contradicted the opinion of Dr. Rosekrans.  Tr. 20. Accordingly, the ALJ was required to offer specific and legitimate reasons supported by substantial evidence to discount Dr. Rosekrans' opinions.

### 1.    Dr. Veraldi

At the request of the Social Security Administration, Dr. Veraldi, clinical psychologist, reviewed Plaintiff's medical records and offered her independent

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 25

1   medical opinion regarding Plaintiff's functional abilities.  Tr. 41-43.  Dr. Veraldi

2   opined that Plaintiff may experience difficulty sustaining relationships at work.  Tr.

3   41.  To address this difficulty, Dr. Veraldi opined that Plaintiff should be limited to

4   only occasional, brief, and superficial contact with others.  Tr. 42.  And, although

5   there were questions about Plaintiff's motivation level, Dr. Veraldi opined that

6   Plaintiff could, at the least, perform simple tasks and could probably perform tasks

7   involving several steps.  Tr. 42.

8       The ALJ accorded Dr. Veraldi's opinion significant weight for several

9   reasons.  First, the ALJ observed that Dr. Veraldi specialized in the field of

10  psychology.  Tr. 20.  Second, Dr. Veraldi had the opportunity to review the entire

11  record.  Tr. 20.  Third, based on that record, Dr. Veraldi supported her opinion with

12  objective evidence.  Fourth, and finally, the ALJ found Dr. Veraldi's opinion

13  consistent with the lack of psychological treatment discussed above.  Tr. 20.

14      Plaintiff contests the weight the ALJ accorded Dr. Veraldi's opinion.  ECF

15  No. 15 at 18.  Plaintiff contends Dr. Veraldi did not review the entire record.  *Id.*

16  (citing Tr. 38).  Plaintiff's allegation that Dr. Veraldi reviewed only the records up

17  to Exhibit 4F, is incorrect.  The only record omitted from Dr. Veraldi's review was

18  Exhibit 5F.  Tr. 38.  There is no reason to believe any other records were omitted

19  from Dr. Veraldi's review.  And, as the ALJ indicated, those records do not pertain

20  to Plaintiff's psychological impairments.  Tr. 38, *see generally* Tr. 319-353.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 26

Regardless, Plaintiff fails to articulate or establish any error from the ALJ's omission.

Plaintiff also questions whether Dr. Veraldi knew of his panic attacks when she offered her opinion because Dr. Veraldi did not reference Plaintiff's panic attacks until she was examined by his representative.  Tr. 43.  Plaintiff suggests this calls into question whether Dr. Veraldi's opinion included an assessment of his panic attacks.  ECF No. 15 at 19.  The record demonstrates that Dr. Veraldi was aware of Plaintiff's panic attacks and incorporated that evidence into her assessment.  Tr. 43.  When asked whether she noticed Plaintiff's panic attacks, Dr. Veraldi stated, "[o]h yes, I did notice that.  That was in 3-F.  There was a reference to panic attacks, social anxiety and paranoia, due, probably more to a personality disorder."  Tr. 43.  Upon further questioning by Plaintiff's representative, Dr. Veraldi explained, "that's why I said there's probably some social problems there, and that's why I limit – I agreed with the limitations of not working a lot with people."  Tr. 43.  The ALJ accorded that opinion significant weight and limited Plaintiff to "occasional, brief, superficial interactions with the public, coworkers, and supervisors."  Tr. 18, 20.  The Court finds no error.

*2.    Dr. Rosekrans*

Dr. Rosekrans completed four psychological assessments of the Plaintiff for Washington State's Department of Social and Health Services (DSHS).  Tr. 247-

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 27

298.  In an evaluation conducted in September 2010, Dr. Rosekrans diagnosed

Plaintiff with depression, anxiety, and bipolar symptoms.  Tr. 279.  Dr. Rosekrans

found Plaintiff was able to relate to him appropriately, to make eye contact and

carry on a conversation.  Tr. 281.  Plaintiff was also able to understand, remember,

and carry out short, simple instructions and maintain concentration.  Tr. 281.

Despite his observations, Dr. Rosekrans indicated Plaintiff experienced moderate

difficulty in his ability to interact appropriately in public contacts and marked

difficulties in his ability (1) to relate appropriately to co-workers and supervisors,

(2) to respond appropriately to and tolerate the pressures and expectations of a

normal work setting; and (3) to maintain appropriate behavior in a work setting.

Tr. 281.  To explain his assessment, Dr. Rosekrans wrote, Plaintiff "is extremely

depressed and anxious, has trouble going to work, is irritable, has a hard time being

around people."  Tr. 281.

In March and August 2011, Dr. Rosekrans found Plaintiff experienced

marked limitations in three other areas: (1) his ability to perform routine tasks

without undue supervision; (2) his ability to be aware of normal hazards and take

appropriate precautions; and (3) his ability to communicate and perform effectively

in a work setting with limited public contact.  Tr. 267.  To explain his assessment,

Dr. Rosekrans wrote that Plaintiff "is very paranoid, thinks people are 'out to get

1  him.' " Tr. 267, 289.  But Dr. Rosekrans did not observe any symptom of

2  Plaintiff's paranoia.  Tr. 266, 288.

3      In February 2012, Dr. Rosekrans examined Plaintiff.  Tr. 257.  In a summary

4  explaining how Plaintiff's symptoms affect his ability to work, Dr. Rosekrans

5  wrote Plaintiff "reports panic attacks, social anxiety and paranoia.  Most of his

6  problems seem to be due to personality disorder and mood swings with irritability.

7  He reports that it would cost him about $200 to take the tessts [sic] for the GED,

8  and he does not have the money.  He is sort of drifting, with apparently little

9  motivation."  Tr. 258.  In assessing Plaintiff's residual capacity, Dr. Rosekrans

10  wrote Plaintiff "has no serious physical problems, and is physically able to work.

11  He has anxiety and personality problems, and is getting accustomed to not

12  working."  Tr. 258.  Unlike prior assessments, Dr. Rosekrans did not assess

13  whether Plaintiff suffered any moderate or marked limitations at the February 2012

14  evaluation.  Tr. 257-264.  Additionally, at all four evaluations, Dr. Rosekrans

15  assessed Plaintiff with a GAF score of 45.  Tr. 257, 267, 280, 288.

16      The ALJ accorded Dr. Rosekrans' opinion "little to no weight."  Tr. 21.  At

17  the outset, the ALJ discredited Dr. Rosekrans' evaluations because they were

18  conducted for DSHS.  DSHS's regulations differ from those the Social Security

19  Administration (SSA) uses to determine disability.  A "decision by any . . . other

20  governmental agency about whether [a claimant is] disabled or blind is based on its

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 29

1    rules . . . . [The SSA] must make a disability or blindness determination based on

2    social security law." 20 C.F.R. §404.1504.  Because the evaluations were

3    completed for DSHS, the ALJ discounted Dr. Rosekrans' opinion.  Tr. 21.

4         Plaintiff contends it is improper for an ALJ to reject medical opinions

5    because it was prepared to obtain state benefits and based on DSHS's regulations.

6    *Id.* (citing *Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1191-92 (E.D. Wash.

7    2009)).  Plaintiff is correct.  "[T]his is not a specific, legitimate reason for rejecting

8    DSHS medical reports." *Henderson*, 634 F. Supp. 2d at 1191-92.  "[O]ur rules

9    provide that adjudicators must always carefully consider medical source opinions

10   about any issue, including opinions about issues that are reserved to the

11   Commissioner." S.S.R. 96–5p.  The regulations require that every medical opinion

12   will be evaluated, regardless of its source.  20 C.F.R. §§ 404.1527(d), 416.927(d).

13   Furthermore, the purpose for which medical reports are prepared does not provide

14   a legitimate basis for rejecting them. *Lester*, 81 F.3d at 832.  Thus, the ALJ's first

15   reason for rejecting the Dr. Rosekrans' reports is improper. *Henderson*, 634 F.

16   Supp. 2d at 1191-92.  But, because other specific and legitimate reasons support

17   the ALJ's assessment, the error is harmless. *Molina*, 674 F.3d at 1115 (An error is

18   harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

19   determination.").

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 30

1        Second, the ALJ discounted Dr. Rosekrans' opinion because it was largely

2    based on Plaintiff's self-reported symptoms and complaints.  Tr. 21.  A physician's

3    opinion may be rejected if it is based on a claimant's subjective complaints which

4    were properly discounted.  *Tonapetyan*, 242 F.3d at 1149.  Here, the restrictions

5    Dr. Rosekrans placed on Plaintiff's ability to work stemmed from the paranoia

6    Plaintiff reported, Tr. 258, 267, 289, or from the depression and anxiety he

7    reported.  Tr. 281.  But when Dr. Rosekrans made those statements, he had not

8    observed any symptoms of paranoia, Tr. 257, 266, 288, or anxiety and depression.

9    Tr. 279.  Dr. Rosekrans' opinion appears to be largely based on the symptoms

10   Plaintiff reported, which the ALJ properly discounted.

11       Plaintiff faults the ALJ for disregarding Dr. Rosekrans' personal

12   observations and the Personality Assessment Inventory (PAI) tests Dr. Rosekrans

13   administered.  ECF No. 15 at 18.  As explained above, Dr. Rosekrans did not

14   personally observe any of the symptoms which would support his opinion.

15   *Compare* 258, 267, 281, 289 *with* 257, 266, 279, 288.  The PAI to which Plaintiff

16   cites, is not an objective test.  It is a diagnostic tool based on Plaintiff's subjective

17   responses.  It does not identify functional limitations or corroborate them.  This is

18   consistent with how Dr. Rosekrans used the test, to identify potential diagnoses.

19   Tr. 262-264, 272-277, 284-286, 292-298.  Plaintiff fails to identify any portion of

20   the PAI which corroborates or supports the limitations Dr. Rosekrans assessed.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 31

1    Accordingly, the ALJ offered a specific and legitimate reason for discounting Dr.

2    Rosekrans' opinion.  *Tonapetyan*, 242 F.3d at 1149.

3           Third, the ALJ discredited Dr. Rosekrans' opinion because he offered it for

4    the purpose of determining Plaintiff's eligibility for state assistance.  When other

5    evidence undermines the credibility of a medical report, the purpose for which a

6    medical report was obtained may be considered without error.  *Reddick v. Chater*,

7    157 F.3d 715, 726 (9th Cir. 1998).  The ALJ in this case offered numerous reasons

8    for discounting the opinion of Dr. Rosekrans.  In addition to those reasons, the ALJ

9    found the purpose for conducting these evaluations – Plaintiff's eligibility for state

10   assistance – provided an incentive for Plaintiff to overstate his symptoms and

11   complaints.  Tr. 21.  Plaintiff's incentives are particularly relevant when

12   considered in context with Dr. Rosekrans' notes that Plaintiff has "apparently little

13   motivation," and "is getting accustomed to not working."  Tr. 258.  The ALJ

14   considered the incentives created by the purpose of the evaluation and found it

15   undermined Plaintiff's credibility.  Tr. 21.  Because other evidence undermined the

16   credibility of the medical report, the ALJ's finding is permissible.  *Reddick*, 157

17   F.3d at 726.

18          Fourth, the ALJ discounted Dr. Rosekrans' opinion because it consisted

19   mostly of check boxes, with few objective findings.  Tr. 21.  Opinions on a check-

20   box form or form reports which do not contain significant explanation of the basis

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 32

for the conclusions may be accorded little or no weight.  *See Crane v. Shalala*, 76

F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir.

1996).  Dr. Rosekrans offered few explanations for the boxes he checked.  For

example, in March 2011, Dr. Rosekrans checked a box indicating marked

limitations for five cognitive and social factors.  Tr. 267.  The only explanation Dr.

Rosekans provided was that, Plaintiff "is very paranoid, thinks people are 'out to

get him.' "  Tr. 267.  But Dr. Rosekrans admitted in that same report that he

observed no symptoms of Plaintiff's paranoia.  Tr. 266.  Dr. Rosekrans' failure to

explain the basis of his conclusion constitutes a specific and legitimate reason for

which the ALJ may reject his opinion.  *See Crane*, 76 F.3d at 253; *Johnson*, 87

F.3d at 1018.

Fifth, the ALJ discounted Dr. Rosekrans' opinion because it was

inconsistent with his narrative notes.  Tr. 21.  An opinion inconsistent with the

evidence of record and treatment notes constitutes a specific and legitimate reason

for discounting a physician's opinion.  *Tommassetti*, 533 F.3d at 1041; *see also*

*Bayliss*, 427 F.3d at 1216 (permitting ALJ to reject physician's assessment when

contradicted by physician's own observations).  Dr. Rosekrans checked boxes

indicating Plaintiff experienced marked limitations in his ability to perform routine

tasks without undue supervision, to relate appropriately with supervisors and the

public, and to communicate effectively in a work setting, among others.  Tr. 267,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 33

281.  The ALJ found these limitations inconsistent with Dr. Rosekrans' notations

that Plaintiff "was able to relate appropriately to the examiner, able to understand,

remember, and carry out short and simple instructions, and was able to maintain

concentration." Tr. 21 (citing Tr. 267, 281).  The inconsistency between Dr.

Rosekrans' observations and the limitations he assessed constitutes a specific and

legitimate reason for not relying on his opinion.  *Bayliss*, 427 F.3d at 1216.

        Plaintiff contends the ALJ failed to discredit the five marked limitations Dr.

Rosekrans assessed, described above.  ECF No. 15 at 17-18.  Plaintiff contends the

vocational expert found these limitations preclusive of competitive employment.

*Id*.  As explained above, the vocational expert testified that Dr. Rosekrans'

assessed limitations do not correlate to DOT terms.  Tr. 59.  Whether the

limitations Dr. Rosekrans assessed would qualify as disabling depended, according

to the vocational expert, on how Dr. Rosekrans' opinion was translated into an

RFC.  Tr. 60, 267, 281.  In particular, it depended on how Plaintiff's marked

limitations in his ability to maintain behavior in the work place would be translated

into the RFC.  *Id.*  It is the ALJ's duty to translate the limitations described by

medical opinions into functional limitations.  *See Stubbs-Danielson v. Astrue*, 539

F.3d 1169, 1174 (9th Cir. 2008).  Here, the ALJ expressly discredited the

limitation at issue because "the limitations marked in the check boxes are

inconsistent with the narrative notations that the claimant 'was able to relate

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 34

appropriately to the examiner . . . .' " Tr. 21 (citing Tr. 267, 281).  Accordingly,

the ALJ offered a specific and legitimate reason for discounting the opinion of Dr.

Rosekrans.  *Bayliss*, 427 F.3d at 1216.

Sixth, and last, the ALJ discounted Dr. Rosekrans assessed GAF score of 45.

Tr. 21.   The ALJ noted that the GAF scores were inconsistent with the daily

activities of Plaintiff, which include shopping, doing laundry, and using the

computer.  Tr. 21 (citing 51, 199, 201).  Such an inconsistency between a

physician's opinion and a claimant's daily activities constitutes a specific and

legitimate reason to discount the physician's opinion.  *Morgan*, 169 F.3d at 600-

02.  In addition, the ALJ discounted the GAF score because it takes into account

factors she cannot consider under the regulations, like socioeconomic

considerations.  Tr. 21.  This is why the Commissioner has explicitly disavowed

use of GAF scores as indicators of disability.  65 Fed. Reg. 50746-01, 50765

(August 21, 2000) ("The GAF scale . . . does not have a direct correlation to the

severity requirements in our mental disorder listing.").  The Court finds the ALJ's

reasoning specific and legitimate.

Plaintiff challenges the ALJ's assessment of the GAF scores.  ECF No. 15 at

18.  Plaintiff notes that the GAF scores were exactly the same in each examination

and indicated serious impairment.  *Id.* (citing Tr. 257, 266, 280, 288).  The

consistency of the GAF scores is irrelevant because they take into account factors

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 35

not relevant to the disability determination under the regulations.  Tr. 21; *see also* 65 Fed. Reg. 50746-01, 50765 (August 21, 2000) ("The GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorder listing.").  In addition, the ALJ found the GAF scores were inconsistent with the daily activities of Plaintiff.  Tr. 21 (citing 51, 199, 201).  Such an inconsistency constitutes a specific and legitimate reason to discount Dr. Rosekrans' opinion. *Morgan*, 169 F.3d at 600-02.

Last, Plaintiff reminds the Court that a non-examining physician's opinion cannot by itself constitute substantial evidence that justifies the rejection of an examining physician's opinion.  ECF No. 15 at 19 (citing L*ester*, 81 F.3d at 830). There is no error here because the ALJ rejected Dr. Rosekrans' opinion not because it conflicted with Dr. Veraldi's, but for the reasons discussed above.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED.**

2.    Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 36

1    The District Court Executive is directed to file this Order, enter

2  **JUDGMENT FOR THE DEFENDANT,** provide copies to counsel, and **CLOSE**

3  the file.

4    DATED this Wednesday, August 10, 2016.

5                                _s/ Mary K. Dimke_
                                MARY K. DIMKE
6                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 37